THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER BEASLEY, Appellant.—Appeal from a judgment rendered by the Court of Special Sessions of the City of New York, Kings County, sentencing appellant to serve 60 days, after he had been found guilty by the court of the unlawful possession of a pistol (Penal Law, § 1897, subd. 4). Judgment reversed upon the law and the facts, and a new trial ordered. People's Exhibit 1 was not sufficiently identified as appellant's gun and should not have been received in evidence upon the mere testimony of a witness, concededly not an expert, that respondent's said exhibit was similar to, and looked like, appellant's gun (People v. Hetenyi, 277 App. Div. 310, affd. 301 N. Y. 757). Neither was there any proof as to the origin of said exhibit, nor as to how it came to be in the courtroom. Under the circumstances, it is our opinion that there should be a new trial in the interests of justice. Ughetta, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J.; and Beldock, J., dissent and vote to affirm, with the following memorandum: One Lonnie Brooks testified that on April 5, 1958 appellant was in possession of a gun, which appellant loaned to Brooks, who thereafter returned it to appellant. On April 19, 1958 Brooks was arrested for possession of respondent's Exhibit 1. Appellant was arrested on April 24, 1958 and was charged with unlawful possession of said exhibit on April 5, 1958. At the time of his arrest appellant admitted to the arresting officer that he had been in possession of a gun on April 5, 1958, which he had loaned to Brooks. The gun was in working order on April 24, 1958. On October 29, 1958 Brooks was convicted of unlawful possession of a gun (Exhibit 1). Brooks testified that said exhibit, the only gun of which he ever had possession, was the gun he got from appellant and that appellant admitted to him when he (appellant) was released from prison that said exhibit was the gun of which he had possession on April 5, 1958. In our opinion, the evidence was sufficient to sustain appellant's conviction.